Justice GOLDBERG,
concurring in part and dissenting in part.
I concur with the opinion of the .majority to the extent it holds that the good-faith standard of Gilbane Building Co. v. Board of Trustees of State Colleges, 107 R.I. 295, 299-300, 267 A.2d 396, 399 (1970) applies and necessitates the remand of this case in order for the trial justice to make a determination as to whether the town “acted corruptly or in bad faith, or so unreasonably or so arbitrarily as to be guilty of a palpable abuse of discretion.” Id. at 300, 267 A.2d at 399.[1] However, I must disassociate myself from the majority’s conclusion that G.L.1956 § 45-55-5 did not apply to the actions of the town council. Rather, I am of the opinion that state law governing the award of municipal contracts as set forth in chapter 55 of title 45, including § 45-55-5 applies to the 'contract in this case. Therefore, I cannot join a decision that allows awarding authorities to circumvent the safeguards of Rhode Island’s bidding statutes and the state’s well-settled principles of competitive sealed bidding for leases and grants of public property and facilities.
Application of § 45-55-5
While I note that the majority’s interpretation of chapter 55 of title 45 is a plausible reading of the statute, I conclude that the statute is susceptible to another plausible reading, thus rendering the statute ambiguous; as such, it is incumbent upon this Court to engage in our traditional statutory analysis in order to give effect to the intention of the Legislature. See Town of Burrillville v. Pascoag Apartment Associates, LLC, 950 A.2d 435, 445 (R.I.2008) (“[W]hen a statute is susceptible of more than one meaning, we employ our well-established maxims of statutory construction in an effort to glean the intent of the Legislature.” quoting Unistrut Corp. v. State Department of Labor and Training, 922 A.2d 93, 98-99 (R.I.2007)).
Rather than interpreting chapter 55 of title 45 of the General Laws as a “harmonious whole[,]” the majority’s review begins and ends with a single section, § 45-55-5. See Zambarano v. Retirement Board of Employees’ Retirement System of Rhode Island, 61 A.3d 432, 436 (R.I.2013) (“[W]hen interpreting statutes, a court should construe ‘each part or section * * * in connection with every other part or section to produce a harmonious whole.’ ” quoting 2A Norman J. Singer & J.D. Shambie Singer, Sutherland Statutes and Statutory Construction § 46:5 at 204 (7th ed. 2014)). The majority opinion thus fails to consider the remaining sections of chapter 55 of title 45. In construing all sec *257 tions of the statute, it is apparent that the statute is ambiguous. Specifically, § 45-55-1 “declare[s] that a need exists to establish a uniform system for the award of contracts by municipalities, utilizing open cooperative bids.” (Emphasis added.) It is clear, therefore, that the Legislature sought to provide a system of general applicability that requires the use of “open cooperative bids[,]” when awarding municipal contracts, and not a bifurcated system depending on whether the municipality is expending funds or leasing its properties for revenue. Section 45 — 55—2(1) provides that “[e]xeept as otherwise authorized by law, all municipal contracts shall be awarded by * * * [competitive sealed bidding, pursuant to § 45 — 55—5[.J” (Emphasis added.) The term “contract” is broadly defined as:
“all types of agreements, including grants and orders, for the purchase or disposal of supplies, services, construction, or any other item. It includes awards; contracts of a fixed-price, cost, cost-plus-a-fixed-fee, or incentive type; contracts providing for the issuance of job or task orders; leases; letter contracts, purchase orders, and construction management contracts. It also includes supplemental agreements with respect to any of the preceding. ‘Contract’ does not include labor contracts with employees of the municipality.” Section 45-55-4(4) (emphases added).
Additionally, § 45-55-4(14) defines “[p]ro-curement” as:
“the purchasing, buying, renting, leasing, or otherwise obtaining of any supplies, services, or construction. It also includes all functions that pertain to the obtaining of any supply, service, or construction item, including description of requirements, selection and solicitation of sources, preparation and award of contract, and all phases of contract administration.” (Emphases added.)
The bid proposal in this case — the grant of a franchise or concession on town-owned property — does not fall within any statutory exclusion, and therefore, at the very least, falls within the purview of the broad definition of “procurement” as the town was seeking to engage a company to operate a kayaking business on its property, including a lease of that property.
Next, § 45-55-5 requires that contracts “exceeding the amount provided by § 45-55-9 shall be awarded by competitive bidding.” [2] The contract at issue here sought to generate more than one hundred thousand dollars in revenue for the town and, thus, exceeds the amount provided by § 45-55-9.[3] Given the mandate of § 45-55-2(1), that “all municipal contracts shall be awarded by * * * [competitive sealed bidding,” this reading is a plausible reading of the statute, and furthers the declared intent of the Legislature.[4] (Emphasis added.)
This Court previously has held that “the purpose of chapter [55] of title [45] [is the] safeguarding [of] public funds.” H.V. Col *258 lins Co. v. Tarro, 696 A.2d 298, 303 (R.I.1997). Therefore, given that the provisions of this chapter are susceptible to more than one plausible reading, the legislative intent of the statute is enormously relevant. The majority’s position however, fails to consider the legislative intent and holds that, because § 45-55-5 does not specifically mention concession contracts, the public funds generated through such contracts are not entitled to the safeguards provided in the statute. In my opinion, this decision will turn municipal competitive bidding in Rhode Island on its head.
Conclusion
In conclusion, it is my opinion that by immunizing municipal concession and lease contracts from the requirement of state law and competitive bidding, the majority embarks upon dangerous waters and relieves public officials from the requirements of this state’s longstanding statutory framework governing public contracts. Consequently, I concur in part and respectfully dissent in part.

. I note that the majority signals that the "bar for a potential challenger” under the Gilbane standard "is extremely high.” However, the ’ singular question is "whether the [town] exercised 'sound discretion' in rejecting” Kayak Centre’s bid. See Coastal Recycling, Inc. v. Connors, 854 A.2d 711, 715 (R.I.2004) (citing Gilbane Building Co. v. Board of Trustees of State Colleges, 107 R.I. 295, 302, 267 A.2d 396, 400 (1970)). Reasons that underlie the town council's decision to reject the bid certainly warrant a detailed review by the trial justice to determine whether the town exercised the good faith and sound discretion that Gilbane commands.

. General Laws 1956 § 45-55-9, entitled “Small purchases[,]” exempts two limited procurements from its purview. "Procurements, not to exceed an aggregate amount of ten thousand dollars ($10,000) for construction and five thousand dollars ($5,000) for all other purchases may be made in accordance with small purchase regulations promulgated by the municipality.”

. Section 45-55-4(14) begins with the general term "[procurement,” and then it delineates the specific types of procurements that may be made through small purchase regulations. However, it does not exclude any other procurements, such as "buying, renting, leasing, or otherwise obtaining of any supplies [or] services[,]” that are subject to the provisions of § 45-55-9.

.Furthermore, as evidenced in the record, the town solicitor expressed his belief that the town was governed by the state’s competitive bidding statutes.